## UNITED STATES v. 118.26 ACRES OF LAND, MORE OR LESS, IN WEBSTER PARISH, LA., et al.

### No. 3009.

District Court, W. D. Louisiana,
Shreveport Division.

May 29, 1947.

H. G. Fields and John A. Patin, both of Shreveport La., for plaintiff.

Robert Roberts, of Shreveport La., and R. D. Watkins, A. S. Drew and Floyd D. Culbertson, Jr., all of Minden, La., for defendants.

Philip H. Mecom and Percy N. Browne, both of Shreveport La., curators ad hoc.

DAWKINS, District Judge.

This case involves a contest over the proceeds of forty acres of land described as the NW¼ of SW¼ of Sec. 13, T. 20 N., R. 9 W., condemned by the Government. The issue depends upon which of the opposing claimants has the better title. According to the abstracts submitted, there were two chains both emanating from the Government. The first began with an entry of David Stewart and subsequent patent dated June 27, 1859, which rescended through mesne conveyance to one side of this controversy, which will be referred to as the Turner group. The second chain started with a grant to Vicksburg, Shreveport and Texas Railroad Co. under a selection made October 7, 1859, and is the basis of the claim of the Crichton Co. and T. A. Glass, hereafter referred to as Glass.

On the record, therefore, the first group has the superior title and the matter must turn on the weight of the evidence of possession offered in support of prescription acquirendi causa, of 10 and 30 years provided by Civ.Code Articles 3478, 3479 and 3499. Turner having the older title, the burden was upon Glass to prove by a fair preponderance of the evidence possession of such nature as would vest in him ownership either under the first group of Articles, which require a written deed translative of property, accompanied by the taking of possession in good faith, which must have continued for ten years or more; or under Article 3499 et seq., by proof of open, continous, corporeal and uninterrupted possession for thirty years. In the latter case,

he would be limited to the boundaries actually possessed or occupied. If, at the time he or his ancestors in title acquired and took possession of any part of the property, others were in possession of any part thereof, the extent of his acquisition, either under a plea of 10 or 30 years prescription, would not go beyond the lines of enclosure or fences of such persons in possession. Hunnicutt v. Peyton, 102 U.S. 333, 368, 26 L.Ed. 113; John P. Moore v. Morgan's La. & T. R. Co., 126 La. 840, 53 So. 22.

■ Turner has shown possession by his predecessors in title by the testimony of John Chipp (colored), who cultivated the property immediately north of that occupied under the Glass title, from at least the early nineties until about 1908, and that Frank Banks, one of the authors of Glass, was in possession of lands immediately south; this is corroborated by several white witnesses who testified in the state court (the entire record there being in evidence here). Frank Banks, upon whose possession the Glass title depends, also testified that the Stewart or Turner property was that cultivated by John Chipp immediately north of Banks and separated from the latter by a fence. Later, when Banks moved off, one Frank Willis took possession of the same area. At best, only about 1½ acres are claimed to have been in possession of Banks, according to the survey made by the Government, for the purpose of condemning the property. The evidence offered by Glass is not sufficient to sustain the burden which he carried as the holder of the younger and inferior title, when weighed against that produced by Turner. Since both parties were holding under deeds or titles translative of the property, Banks and his vendees could not acquire any of that which was possessed north of the fence maintained by the Stewarts and their tenants, because this was a clear indication that it was being adversely claimed and possessed by others. For these reasons Glass has not sustained his claim of title by possession under either 10 or 30 years prescription. See authorities cited above.

As to the decision of the state court, involving timber cut from the land in 1940, for which Glass recovered from Turner, it is conceded that an appeal has been taken

and that decision is not final, notwithstanding payment of the monied judgment. It was on a claim of trespass, which could have been decided in Glass' favor, based upon possession of more than one year rather than upon title.

Proper decree should be presented.